IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI DIERKS, ) | |
| ) | 2:05-cv-01686-GEB-GGH |
| Plaintiff, ) | |
| ) | |
| v. ) | <u>STATUS (PRETRIAL</u> |
| ) | <u>SCHEDULING) ORDER</u> |
| HERITAGE MEDICAL SYSTEMS, ) | |
| ) | |
| Defendant. ) | |

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

The status (pretrial scheduling) conference scheduled in this case for November 14, 2005, is vacated since the joint status report submitted by the parties obviates the need for the conference. The following Order issues based on the parties' joint status report and available dates.

or

## SERVICE OF PROCESS

The named defendant has been served and no further service is permitted, except with leave of Court, good cause having been shown.

## JOINDER OF ADDITIONAL PARTIES/AMENDMENT

No further joinder of parties or amendments to pleadings is permitted except with leave of Court, good cause having been shown.

## DISCOVERY

The parties dispute whether discovery should be allowed in this action. A party desiring discovery must file a motion that seeks specified discovery, and the factual and legal basis therefor, to be heard no later than December 19, 2005, at 9:00 a.m.

## MOTION HEARING SCHEDULE

The last hearing date for motions shall be May 22, 2006, at 9:00 a.m.[1]

Motions shall be filed in accordance with Local Rule 78-230(b). Opposition papers shall be filed in accordance with Local Rule 78-230(c). <u>Failure to comply with this local rule may be deemed consent to the motion and the Court may dispose of the motion summarily.</u> <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994). Further, failure to timely oppose a summary judgment motion may result in the granting of that motion if the movant shifts the burden to the nonmovant to demonstrate a genuine issue of material fact remains for trial. Cf. <u>Marshall v. Gates</u>, 44 F.3d 722 (9th Cir. 1995).

---

[1] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

1  Absent highly unusual circumstances, reconsideration of a
2 motion is appropriate only where:
3  (1)  The Court is presented with newly discovered evidence
4 that could not reasonably have been discovered prior to the filing of
5 the party's motion or opposition papers;
6  (2)  The Court committed clear error or the initial decision
7 was manifestly unjust; or
8  (3)  There is an intervening change in controlling law.
9 A motion for reconsideration based on newly discovered evidence shall
10 set forth, in detail, the reason why said evidence could not
11 reasonably have been discovered prior to the filing of the party's
12 motion or opposition papers.  Motions for reconsideration shall comply
13 with Local Rule 78-230(k) in all other respects.
14  The parties are cautioned that an untimely motion
15 characterized as a motion in limine may be summarily denied.  A motion
16 in limine addresses the admissibility of evidence.

17  FINAL PRETRIAL CONFERENCE
18  The final pretrial conference is set for July 17, 2006, at
19 3:30 p.m.  The parties are cautioned that the lead attorney who WILL
20 TRY THE CASE for each party shall attend the final pretrial
21 conference.  In addition, all persons representing themselves and
22 appearing in propria persona must attend the pretrial conference.
23  The parties are warned that non-trialworthy issues could be
24 eliminated sua sponte "[i]f the pretrial conference discloses that no
25 material facts are in dispute and that the undisputed facts entitle
26 one of the parties to judgment as a matter of law." Portsmouth Square
27 v. Shareholders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).
28

3

1 		The parties shall file a <u>JOINT</u> pretrial statement with the
2 	Court not later than seven (7) days prior to the final pretrial
3 	conference.[2]  The joint pretrial statement shall specify the issues
4 	for trial.  The Court uses the parties' joint pretrial statement to
5 	prepare its final pretrial order and could issue the final pretrial
6 	order without holding the scheduled final pretrial conference.  <u>See</u>
7 	<u>Mizwicki v. Helwig</u>, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no
8 	requirement that the court hold a pretrial conference.").  The final
9 	pretrial order supersedes the pleadings and controls the facts and
10 	issues which may be presented at trial.  Issues asserted in pleadings
11 	which are not preserved for trial in the final pretrial order cannot
12 	be raised at trial.  <u>Hotel Emp., et al. Health Tr. v. Elks Lodge 1450</u>,
13 	827 F.2d 1324, 1329 (9th Cir. 1987) ("Issues not preserved in the
14 	pretrial order are eliminated from the action."); <u>Valley Ranch Dev.</u>
15 	<u>Co. v. F.D.I.C.</u>, 960 F.2d 550, 554 (5th Cir. 1992) (indicating that an
16 	issue omitted from the pretrial order is waived, even if it appeared
17 	in the pleading); <u>cf.</u> <u>Raney v. District of Columbia</u>, 892 F. Supp. 283
18 	(D.D.C. 1995) (refusing to modify the pretrial order to allow
19 	assertion of a previously-pled statute of limitations defense);
20 	<u>Olympia Co. v. Celotex Corp.</u>, 597 F. Supp. 285, 289 (E.D. La. 1984)
21 	(indicating that "[a]ny factual contention, legal contention, any
22 	claim for relief or defense in whole or in part, or affirmative matter
23 	not set forth in [the pretrial statement] shall be deemed . . .
24 	
---

25 		[2]	The failure of one or more of the parties to participate in
26 	the preparation of any joint document required to be filed in this case does not excuse the other parties from their obligation to timely file
27 	the document in accordance with this Order.  In the event a party fails to participate as ordered, the party or parties timely submitting the
28 	document shall include a declaration explaining why they were unable to obtain the cooperation of the other party.

4

withdrawn, notwithstanding the contentions of any pleadings or other papers previously filed [in the action]").

<u>If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov</u>.

<u>SETTLEMENT CONFERENCE</u>

No settlement conference is currently scheduled. The parties shall address in their joint pretrial statement whether they wish to have a judge-assisted settlement conference. If counsel wish the Magistrate Judge to act as settlement judge, written stipulations to this effect which waive the judge's disqualification from later acting as the discovery judge must be filed prior to the scheduling of the settlement conference. <u>See</u> L. R. 16-270(b). If the parties wish to participate in Court-assisted settlement prior to the final pretrial conference, they should contact the Deputy Clerk.

<u>TRIAL SETTING</u>

Trial is set for October 10, 2006, commencing at 9:00 a.m.

<u>MISCELLANEOUS</u>

The parties are reminded that pursuant to Federal Rule of Civil Procedure 16(b), the Status (pretrial scheduling) Order **shall not be modified except by leave of Court upon a showing of good cause. Counsel are cautioned that a mere stipulation by itself to change dates does not constitute good cause**.

IT IS SO ORDERED.

DATED:  November 7, 2005

<u>/s/ Garland E. Burrell, Jr.</u>
GARLAND E. BURRELL, JR.
United States District Judge